IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRANCE D. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-156 |
| | ) | |
| JARED T. WILLIAMS, District Attorney; | ) | |
| FOOZAN MONGA, Investigator; | ) | |
| JESSE C. STONE, Superior Court Judge; | ) | |
| STATE OF GEORGIA; and | ) | |
| RICHMOND COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently a pretrial detainee at Charles B. Webster Detention Center in Richmond County, Georgia, filed this case pursuant to 42 U.S.C. § 1983, complaining Defendants violated his right to a speedy trial under both the Sixth Amendment to the U.S. Constitution, as well as O.C.G.A. § 17-7-170. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.  COMPLAINT ALLEGATIONS**

Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. Plaintiff alleges that, on April 2, 2025, he filed a speedy trial demand in a Richmond County misdemeanor case assigned the case number of

2025RCMC0918.  (Compl., doc. no. 1, p. 7.)  However, he alleges the misdemeanor case "was recently transferred by the solicitor and grouped in with [his] felony indictment [in] 2025RCCR00611."  (Id.)  He alleges Defendants violated O.C.G.A. § 17-7-170 because, in light of him filing a speedy trial demand in the misdemeanor case on April 2, 2025, the deadline to try that case was the May 2025 term of court.  (Id.)  The transfer and consolidation of his misdemeanor case with his felony case did not extend the deadline, Plaintiff claims, because "the transfer was instigated by the Prosecution."  (Id. at 5.)  According to Plaintiff, "the rights afforded [him] by the Sixth Amendment to the U.S. Constitution have therefore been violated by the State of Georgia for the failure to abide by its own law, 17-7-170, governing [his] right to a Speedy Trial."  (Id. at 5.)  For relief, Plaintiff seeks dismissal of all charges and $60,000 in compensatory damages.

The state court dockets for the misdemeanor and felony cases cited by Plaintiff, attached as Exhibits A and B, respectively, shed further light on Plaintiff's situation.  In the misdemeanor case, Plaintiff was arrested on January 15, 2025, and charged with the offense of simple battery.  Plaintiff filed a speedy trial demand on April 2, 2025, and the case was transferred for consolidation with his felony case on May 2, 2025.  The felony docket shows that, while on bond for the misdemeanor charge, Plaintiff was arrested again on March 26, 2025, and charged with the offenses of kidnapping, false imprisonment, and three counts of aggravated assault (family violence).  The felony case is pending with no trial date set, and the docket does not reflect the filing of a speedy trial demand by Plaintiff in the felony case.

## II.  DISCUSSION

### A.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails

to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However,

3

this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.     Plaintiff Fails to State a Claim Against Defendant State of Georgia

"The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)).  Furthermore, the Supreme Court has unambiguously stated that "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . .  This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent.").  Because the State of Georgia has sovereign immunity against Plaintiff's § 1983 claims, Plaintiff fails to state a claim against this Defendant.

### C.     Plaintiff Fails to State a Claim Against Defendant Richmond County

To impose § 1983 liability on a county, Plaintiff must show three things:  (1) that his constitutional rights were violated; (2) that the county had a custom or policy that constituted deliberate indifference to that constitutional right, and (3) that the policy or custom caused the violation.  See McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).  Here, Plaintiff does not allege Richmond County had a custom or policy that violated his constitutional rights, much less does he allege such a policy or custom caused the violation. (See generally doc. no. 1.) Rather,

his claims center around the purported improper consolidation of his misdemeanor and felony cases, resulting in the denial of a requested speedy trial on the misdemeanor charge. (See generally id.) Thus, even if the Court assumed *arguendo* Plaintiff could show his constitutional rights had been violated, he fails to state a claim against Defendant Richmond County because he did not allege two elements required to impose § 1983 liability.

### D. Defendant Judge Stone Is Immune from Suit

Plaintiff's claims for monetary damages against Defendant Judge Stone are barred by judicial immunity.[1] It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, 566 U.S. 356, 363 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Thus, the Court must determine whether Judge Stone, as the presider over Plaintiff's criminal proceedings, was dealing with Plaintiff in a judicial capacity and whether the conduct alleged clearly fell outside his subject matter jurisdiction. See Stump, 435 U.S. at 359-64.

As Plaintiff makes no allegation Judge Stone acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether his actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff only alleges Judge Stone improperly denied

---

[1] Although claims for injunctive relief are not barred by the same principles as those barring requests for monetary damages, see Bolin v. Story, 225 F.3d 1234, 1239-43 (11th Cir. 2000) (*per curiam*), Plaintiff appears to sue Judge Stone for monetary damages, and to the extent he seeks injunctive relief in the form of dismissal of charges, that issue is discussed in Part II(G), below.

him a speedy trial.  (See generally doc. no. 1.)  Thus, Plaintiff provides no details to suggest Judge Stone is either (1) dealing with Plaintiff in any capacity other than his judicial capacity; or (2) engaging in any conduct that falls outside his subject matter jurisdiction.  On the contrary, Judge Stone is acting well within his role as a Superior Court Judge and assigned presider over Plaintiff's felony case.

    E.  **Plaintiff Has No Claims Against Defendant Williams**

  Plaintiff's claims against District Attorney Williams are subject to dismissal because his role as prosecutor entitles him to immunity.  "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  This absolute immunity shields prosecutors from liability for "actions taken . . . in their role as advocates."  Rehberg, 566 U.S. at 363.  "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court . . . ."  Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted); see also Kassa v. Fulton Cnty., Ga., 40 F. 4th 1289, 1293-94 (11th Cir. 2022) (analyzing prosecutorial immunity in fact-specific inquiry considering, among other fact-specific reasons, recall of material witness warrant did not "require[] . . . exercise of professional judgment or legal skill").  As Plaintiff's claims against Defendant Williams rest entirely on his actions taken in the exercise of professional judgment or legal skill as a prosecutor, Plaintiff fails to state a valid § 1983 claim against him.

### F.  Plaintiff Has No Claim Against Investigator Monga

Aside from listing Investigator Monga as a Defendant, Plaintiff makes no allegations that would in any way suggest this Defendant had anything to do with the alleged speedy trial allegations.  For this reason, Plaintiff has failed to state any valid claim against Investigator Monga.

### G.  Plaintiff Cannot Seek Dismissal of His State Charges in this Lawsuit

Plaintiff asks the Court to grant the extraordinary remedy of stepping into his pending criminal case and declaring all charges dismissed based on the alleged speedy trial violation.  Plaintiff is not entitled to this remedy for at least two reasons.  First, a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement' . . . .  He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).  Federal habeas corpus statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).

Second, even if Plaintiff had filed a federal habeas petition, it would be entirely premature.  Under the Anti-Terrorism and Effective Death Penalty Act of 1996, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c) (emphasis added).  Plaintiff has made no attempt to invoke any available state court procedures to seek dismissal of his pending charges.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of January, 2026, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA